COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, McClanahan and Senior Judge Bumgardner
Argued at Richmond, Virginia


MITCHELL T. JONES

                                                        MEMORANDUM OPINION[*] BY
v.       Record No. 0033-07-2                  JUDGE RUDOLPH BUMGARDNER, III
                                                                MAY 27, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
J. Peyton Farmer, Judge Designate

        Darryl A. Parker for appellant.

        Rosemary V. Bourne, Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        Mitchell T. Jones appeals his convictions of animate object sexual penetration, Code

§ 18.2-67.2, and aggravated sexual battery, Code § 18.2-67.3.  He maintains the evidence was

insufficient and the trial court should have suppressed his statements to the police.  He also

contends the charges tried subjected him to double jeopardy and the Commonwealth failed to

differentiate between misdemeanor and felony sexual battery.  Concluding the trial court did not

err, we affirm.

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).  The defendant was a guest at a "Friday get-together" at a

residence shared by the victim and Ronald Merritt.  The victim was extremely intoxicated when

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the defendant arrived.  At some point after midnight, the victim and defendant were on the sofa talking and listening to music.  She was wrapped in a blanket.

The victim remembered waking up and the defendant was "[s]itting between [her] legs on the couch" with his pants down to his ankles.  The blanket had been "thrown off," her top "was lifted over [her] breasts and [her] shorts were gone."  The victim told the defendant to move, grabbed her shorts, went to her room, put her clothes on, returned to the living room, and demanded that the defendant leave.  When the defendant did not comply, she yelled for Merritt, who made the defendant leave.  The victim denied consenting to any sexual activity with the defendant.

The defendant told the police that he had kissed the victim's breast and put his finger inside her vagina.  However, he claimed the victim was awake the entire time and the acts were consensual.  During the interview, he stated, "When she woke up I wasn't on top of her."  Later in the interview, the defendant denied the victim was asleep and said she merely "jumped up" when he was straddling her leg and kissing her breast, asked what he was doing, and eventually demanded he leave.

The fact finder believed the Commonwealth's evidence and rejected the defendant's evidence that the acts were consensual and occurred while the victim was awake.  "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).  That evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that the defendant was guilty as charged.

The defendant maintains the trial court erred in denying his motion to suppress his statement to the police.  The trial court heard evidence June 12, 2006, but continued the hearing

so the judge could view the videotape of the interview before making factual findings and legal conclusions. The defendant wanted to argue the motion after the judge had seen the video recording. The parties argued the motion, and the trial court denied it on June 27, 2006. The record contains neither a transcript nor a statement of facts from the June 27, 2006 hearing. The order does not record the arguments, the findings, nor the conclusions of law made at that hearing.

"'[T]he burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of.'" Crawley v. Ford, 43 Va. App. 308, 315, 597 S.E.2d 264, 268 (2004) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)). "'If the appellant fails to do this, the judgment will be affirmed.'" Id.

In this case, a transcript or statement of facts is essential. The issue raised at the initial hearing was whether the defendant was so under the influence or so tired that he did not voluntarily waive his right to remain silent. The defendant said he was; the police officer conducting the interview said he was not. The trial court specifically withheld determination until he had seen the videotape of the defendant during the interview. The arguments and findings of fact on the very point the defendant raises on appeal were not made until June 27, 2006, and on this appeal we are furnished no record with which to review the trial court's decision.

The defendant next contends the trial court erred "in not requiring the Commonwealth to choose which crime to take forward in that going forward and convicting under both crimes charged created double jeopardy" as prohibited by the Fifth Amendment. "The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth, provides that no person shall 'be subject for the same offense to be twice put in jeopardy of life or limb.'" Turner

v. Commonwealth, 49 Va. App. 381, 385, 641 S.E.2d 771, 772-73 (2007) (quoting Brown v. Ohio, 432 U.S. 161, 164 (1977)). As pertinent here, the Double Jeopardy Clause protects against multiple punishments for the same offense. Painter v. Commonwealth, 47 Va. App. 225, 232, 623 S.E.2d 408, 411 (2005).

The evidence proved the defendant performed two separate acts on the victim while she was intoxicated to the point of unconsciousness. He penetrated her labia majora in violation of Code § 18.2-67.2, and he placed his mouth on her breast in violation of Code § 18.2-67.3(A)(2). The Double Jeopardy Clause was not implicated or violated.[1]

The defendant contends the trial court erred "in not ruling that the Commonwealth failed to distinguish between misdemeanor sexual batter [sic] and felony aggravated sexual battery." The Commonwealth elected to charge the defendant with aggravated sexual battery under Code § 18.2-67.3. The defendant was aware from the beginning he was charged with a felony rather than the misdemeanor defined in Code § 18.2-67.4. "'[T]he institution of criminal charges . . . are matters of prosecutorial discretion.'" Dalton v. Commonwealth, 27 Va. App. 381, 403, 499 S.E.2d 22, 33 (1998) (quoting Bradshaw v. Commonwealth, 228 Va. 484, 492, 323 S.E.2d 567, 572 (1984)). The trial court did not err in denying the motion to strike on this basis.

In his brief, the defendant adds an argument that a conviction for aggravated sexual battery under Code § 18.2-67.3(A)(2) requires proof of one of three aggravating factors: (1) the complaining witness was at least 13 but less than 15 years of age; (2) the accused causes serious bodily or mental injury to the complaining witness; or (3) the accused used or threatened to use a dangerous weapon. The defendant did not make this argument at trial. "The Court of Appeals

---

[1] The defendant concedes that the test of Blockburger v. United States, 284 U.S. 299 (1932), was met.

will not consider an argument on appeal which was not presented to the trial court." <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). <u>See</u> Rule 5A:18.

Accordingly, we affirm the convictions.

<u>Affirmed.</u>